ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 0 7 2010

JAMES N. HATTEN, Clerk
By: _____
        Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IRA MCCRAY, and DEMETRIUS JONES, individually and on behalf of others similarly situated, | Case No.: **WBH**<br><br>**1:10-CV-2821** |
| Plaintiffs, | |
| vs. | |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT
### (JURY TRIAL REQUESTED)

## JURISDICTION

1.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 because these claims are brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

2.      Venue is proper in the Northern District of Georgia, Atlanta Division, under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

3.      Defendant Cellco Partnership is, upon information and belief, a foreign corporation, maintaining its principal place of business in New Jersey.  It does business as Verizon Wireless, and is engaged in the wireless telephone communication business.  It maintains call centers across the country, including call centers in Alpharetta, Sanctuary Park, and Kennesaw, Georgia.

4.      Defendant is an employer as defined by 29 U.S.C. § 203(d).

5.      Plaintiff Ira McCray ("Plaintiff McCray") is a former employee of Defendant.   Defendant employed Plaintiff McCray as a customer service representative at its Alpharetta, Georgia call center from approximately April to November 2008.  Plaintiff McCray is a resident of the city of Atlanta, county of Fulton, state of Georgia.

6.      Plaintiff Demetrius Jones ("Plaintiff Jones") is a former employee of Defendant.   Defendant employed Plaintiff Jones as a customer service representative at its Alpharetta, Georgia call center from approximately April 2006 to August 18, 2008.  Plaintiff Jones is a resident of the city of Atlanta, county of Fulton, State of Georgia.

7.      Plaintiffs are employees as defined by 29 U.S.C. § 203(e).

8.      Plaintiffs' consent forms to join this action are attached as Exhibit A.

2

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

9.     Plaintiffs bring this action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216 (b).  Plaintiffs and those similarly situated are individuals who were, or are, employed by Defendant in customer service and similar positions in its Georgia call centers and were not paid for some or all of work activities.

10.    Plaintiffs and the similarly situated individuals are similar because their duties consisted primarily of providing customer service by telephone while working in Defendant's Georgia call centers.   They are also similar because Defendant did not pay them for some or all of the time worked that occurred before and/or after the scheduled shift.

11.    Defendant knowingly required Plaintiffs and the similarly situated individuals to perform unpaid work before and/or after their shift.   This work included, but was not limited to time spent booting-up computers, initializing software programs, setting up "call backs," and reviewing work related emails and intranet messages.

12.    Defendant did not have any process or procedure in place whereby Plaintiffs or those similarly situated could recover this time spent working prior to their scheduled shifts.

3

13.    Defendant's actions were knowing and willful.  Defendant was aware that Plaintiffs and the similarly situated individuals were working time for which they were not compensated.   For example, in training, and throughout their employment, Defendant instructed them to arrive before their scheduled shifts in order to perform additional responsibilities and be ready to take calls when their scheduled shift started.   In addition, if Plaintiffs and the similarly situated individuals were not ready to take a phone call at the start of their scheduled shift, their quality scores would be affected, which measured their performance.

14.    Defendant was further aware that Plaintiffs and the similarly situated individuals were not being compensated for all of their time worked because Plaintiffs and the similarly situated individuals complained to management about it and Defendant has been sued for similar uncompensated work activities several times.

15.    On information and belief, the amount of uncompensated time Plaintiffs and the similarly situated individuals spend or have spent on these required and unpaid work activities amounts to an average of between ten and twenty minutes per day per person.  This time regularly resulted in overtime hours being worked by Plaintiffs and the similarly situated individuals.

4

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

16.    Plaintiffs incorporate the forgoing paragraphs by reference.

17.    During the statutory period, Plaintiffs and the similarly situated individuals were employed by Defendant in customer service and similar positions at its Georgia call centers.

18.    The FLSA requires employers to pay employees for all hours worked. The FLSA, 29 U.S.C. § 207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

19.    Defendant's actions, policies and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiffs and the similarly situated individuals for time spent on work activities as described in this Complaint.

20.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.  Plaintiffs and the similarly situated individuals are entitled to liquidated damages and are also entitled to attorneys' fees and costs incurred in connection with this claim.

21.    Defendant knew, or showed reckless disregard for the fact that it failed to pay these individuals for overtime hours worked.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

1. Judgment against Defendant for an amount equal to Plaintiffs' and similarly situated individuals' unpaid back wages at the applicable overtime rate;

2. An equal amount to the unpaid back wages as liquidated damages;

3. An award of prejudgment interest (to the extent liquidated damages are not awarded);

4. Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court;

5. Leave to amend to add claims under applicable state law;

6. Costs and attorneys' fees to the extent allowed by law; and

7. Such further relief as the Court deems just and equitable.


DATE:  September 7, 2010          **AUSTIN & SPARKS, P.C.**

John T. Sparks, Sr., GA Bar No. 669575
2974 Lookout Place N.E., Suite 200
Atlanta, Georgia 30305
Telephone: (404) 869-0100
Fax: (404) 869-0200
JSparks@austinsparks.com

**NICHOLS KASTER, PLLP**
Michele R. Fisher, GA Bar No. 076198
Reena I. Desai, MN Bar No. 0388311*
4600 IDS Center
80 South Eighth Street

6

Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
fisher@nka.com
desai@nka.com
*pro hac vice admission forthcoming

ATTORNEYS FOR PLAINTIFFS

# Exhibit A

# VERIZON WIRELESS
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Verizon Wireless, to recover overtime pay.

2. During the past three years, there were occasions when I worked more than forty (40) hours in a week for Verizon Wireless as a call center employee. I did not receive overtime compensation for those hours.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Verizon Wireless.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 8 19 2010

_____
Signature

Ira McCray Jr
_____
Print Name

REDACTED

# VERIZON WIRELESS
# PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Verizon Wireless, to recover overtime pay.

2. During the past three years, there were occasions when I worked more than forty (40) hours in a week for Verizon Wireless as a call center employee.  I did not receive overtime compensation for those hours.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Verizon Wireless.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: _____

_____
Signature

_____
Print Name

REDACTED